## No. 346
### KNUTSON MOTOR TRUCKING CO. v. CLEVELAND GRAYS
Ohio Court of Appeals, Eighth Dist.
No. 4290. March 26, 1923
This opinion has not been published except in Abstract
AUTOMOBILE—Injury by—ERROR—Former reversal, effect of—No error in not having taken case from jury.

Vickery, P. J., Sullivan and Levine, JJ.
PER CURIAM.
Error to Cleveland Municipal Court
Judgment Affirmed
Epitomized Opinion

The Grays obtained a judgment in the court below, for an injury by a truck owned by the Knutson Co., to an awning or marquet, placed by the Grays in front of its building, the truck being in charge of one of the drivers of the Knutson Co., who ran into and injured the marquet.

The fact that the case was in this court before, and was sent back for a new trial, because it was found contrary to the weight of evidence, eliminates its consideration again, and the only available remaining alleged error, is whether the court below erred in not directing a verdict for the defendant. But it was held by the Court of Appeals that this was a jury question, and the trial court did not err in not taking the case from the jury. Judgment having been found for the plaintiff, below, this court cannot interfere on the ground of its being against the weight of evidence.

Attorneys—Dustin, McKeehan, Merrick, Arter & Stewart, for Knutson; Quigley & Byrnes, Contra.

## No. 347
### ORR v. SMITH
Ohio Court of Appeals, Wayne County
No. 751. Feb. 23, 1923
This opinion has not been published except in Abstract.
EVIDENCE—(1) No prejudicial error to charge on undue influence where no proof—(2) Evidence of mental capacity of testator both before and after making will—(3) Opinion of non-expert witnesses as to mental capacity—(4) Verdict not manifestly against weight of evidence.

WASHBURN, J.
Epitomized Opinion

An action was begun in Common Pleas Court to contest the will of Cyrus Smith. There was no claim of any defect in execution of the will, but the claim was that the testator did not have mental capacity to make a will and that he was unduly influenced. The trial resulted in a verdict and judgment setting aside the will. The defendant Orr and others prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. Although no evidence or proof made of undue influence, it is not prejudicial error for the court to charge on that subject.

2. Not only is evidence of the mental capacity of the testator at the time of making the will admissible, but evidence as to his mental condition for a reasonable time, both before and after making the will, is also competent.

3. Testimony of non-expert witnesses acquainted with the testator giving opinions as to mental capacity in connection with the facts upon which their opinions are based is competent, notwithstanding the testimony discloses that they had but little opportunity to observe the testator's condition.

4. While the record discloses a conflict in the testimony, the court cannot say as a matter of law that the verdict is manifestly against the weight of evidence.

Attorneys—Patterson and McClaran, for Orr; Critchfield & Etling, for Smith.

## ELYRIA v. LAEMONOUCA
## ELYRIA v. HALLI
Ohio Court of Appeals, Lorain County
Nos. 225 and 226. Feb. 16, 1923
This opinion has not been published except in Abstract.
AFFIDAVIT FOR ARREST—(1) Essentials where a charge is one with selling intoxicating liquors—(2) Accused may be convicted under the good part of affidavit, although remainder is defective—(3) Effect of failure to object to affidavit charging two crimes in same count.

PARDEE, J.
Epitomized Opinion

These cases, while they have no relation to each other, were considered and decided together in the Court of Appeals, because the principal point in each is the same. Both Laemonouca and Halli were arrested for violating an ordinance of the city of Elyria passed to prevent the possession and sale of intoxicating liquors. The affidavit upon which the defendants were tried provided "did unlawfully possess and have in his possession for sale and did sell to persons then and there being," etc. The defendants contended in the mayor's court that the affidavits were defective in that they did not state the name of the purchaser or that his name was unknown. Both were dully tried and found guilty and they each then prosecuted error to the Court of Common Pleas where the judgment of the trial court was reversed. The city then prosecuted error. In sustaining the trial court and overruling the Court of Common Pleas, the Court of Appeals held:

1. An affidavit charging one for selling intoxicating liquors is defective if it does not set forth the name of the person to whom the liquor was sold or allege that his name was unknown.

2. Where the same affidavit also charges the defendants with possessing intoxicating liquors, the defendants may be convicted under that portion of the affidavit although the rest is defective.

3. Where the same affidavit charges two crimes, namely, one for the unlawful possession of liquor and one for the sale of liquor, the affidavit should contain two counts, but unless objection is raised by the defendant at the time of trial, the defendant waives his right to later complain that the affidavit is defective in not setting forth the offenses in separate counts.

Attorneys—Baird, for cty of Elyria; Harding, for Leamonouca, and Wilford, for Halli.

### KUBIAK v. STATE
Ohio Court of Appeals, Eighth Dist.
No. 4377. March 19, 1923
This opinion has not been published except in Abstract.
STOLEN AUTOMOBILE, receiving—Conviction sustained.

Vickery, P. J., Sullivan and Levine JJ.
PER CURIAM.
Error to Cuyahoga Common Pleas
Judgment Affirmed
Epitomized Opinion

It is sought herein to reverse a judgment of conviction against Joe Kubiak, for receiving a stolen auto, that he knew to have been stolen. Several errors are urged why the judgment should be reversed, all of which are highly technical, except the one that it is contrary to the weight of the evidence. This question was submitted to the jury, and it is not so contrary to the evidence that this court would be warranted in interfering. The record shows that, beyond any doubt, he was guilty of receiving this property, and the circumstances all point to the fact that he knew that it was stolen, and upon the whole record, the jury was warranted in coming to the conclusion it did.

Attorneys—D. R. Hertz and C. A. Lefkowitz, for Kubiak; E. C. Stanton, Contra.